Marcus C. ELLIS, Plaintiff–Appellant,

v.

Russell HELDMAN, personally and officially as a Chancellor of the Williamson County & Perry County Chancery Court; Robert Todd Jackson; Candi Noelle Chaffin; David W. McMillan; Frances Rogers; the Exchange Club, Defendants–Appellees.

No. 02–5740.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

## ORDER

Marcus C. Ellis appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ellis filed his complaint and an amended complaint in the district court by counsel alleging that he was denied his constitutional right to parent his child in Tennessee state-court divorce proceedings. Ellis named as defendants Candi Noelle Chaffin, his ex-wife, Robert Todd Jackson, her attorney, Russell Heldman, the presiding state-court judge, David W. McMillan, a court-appointed psychologist, The Exchange Club, a non-profit child abuse prevention agency used to facilitate court-ordered supervised child visitation, and an individual employee of that agency, Frances Rogers. Ellis sought declaratory and injunctive relief and compensatory and punitive damages. Defendants moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition.

The defendant psychologist and the defendant attorney separately moved for the imposition of sanctions pursuant to Fed. R.Civ.P. 11, all the defendants jointly moved for oral argument on pending motions, and Ellis responded to the motions for sanctions. Among other pleadings, the defendants jointly moved the district court for an order directing plaintiff to show cause why his pleadings appear to have been signed by someone other than counsel and why his pleadings refer to nonexistent crimes, criminal investigations, and prosecutions. The district court granted defendants' motion for an order to show cause. Thereafter, the district court conducted a hearing. Following the hearing, the district court granted defendants' motions to dismiss, as well as the motions for Rule 11 sanctions, and entered an order accordingly. Plaintiff then moved for leave to proceed pro se and filed a Fed. R.Civ.P. 59(e) motion to alter or amend the judgment. The district court granted plaintiff leave to proceed pro se and denied his motion to alter or amend the judgment. Plaintiff filed a timely notice of appeal pro se.

On appeal, plaintiff contends that he adequately stated a claim upon which relief can be granted with respect to each defendant, and contends that the district court was biased against him. In addition, plaintiff moves this court for an injunction pending appeal and for permission to depose a witness. Defendants have responded in opposition to plaintiff's motion for an injunction, and essentially contend that the district court properly dismissed plaintiff's action. In addition, defendants Exchange Club, Rogers, and Chaffin move this court for sanctions pursuant to Fed. R.App. P. 38. Plaintiff has responded in opposition and has filed a motion for sanctions.

Upon de novo review, *see Mann v. Conlin*, 22 F.3d 100, 105 (6th Cir.1994); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1239–40 (6th Cir.1993), we will affirm the district court's judgment for

the reasons stated on the record April 19, 2002, and in the district court's order entered April 23, 2002. Further, we note that plaintiff's motions and remaining claim on appeal that the district court is biased lack merit.

Finally, we will grant the motions for sanctions filed by defendants Exchange Club, Rogers, and Chaffin. This court may award damages and costs to an appellee if the court determines that an appeal is frivolous, see Fed. R.App. P. 38, and award attorney's fees if the appeal was frivolous, unreasonable, or without foundation. *Wrenn v. Gould,* 808 F.2d 493, 505 (6th Cir.1987) (citing *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). An appeal is frivolous "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." *Vic Wertz Distrib. Co. v. Teamsters Local 1038,* 898 F.2d 1136, 1143 (6th Cir.1990) (quoting *Dallo v. INS,* 765 F.2d 581, 589 (6th Cir.1985)). An appeal is unreasonable if "no reasonable person would have thought he could succeed on appeal." *Wrenn,* 808 F.2d at 505. An appeal is unfounded if "the appeal had no foundation in law upon which the appeal could be brought." *Id.*

Here, the district court granted sanctions against plaintiff's counsel pursuant to Fed.R.Civ.P. 11 because several of plaintiff's pleadings were unfounded. Indeed, the record supports defendants' contention that this litigation is vexatious. Undaunted, plaintiff appealed the district court's judgment and has continued the vexatious litigation. Under these circumstances, defendants' motions for costs and attorneys' fees are granted.

For the foregoing reasons, plaintiff's motions are denied, defendants' motions for sanctions are granted, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.