### In re Kathleen PENNINO, Debtor.

### No. 6:02–BK–76456.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

March 7, 2003.

Rick Donovan, Rose Law Firm, Little Rock, AR, John M. Frazier, Roos & Frazi-

er, L.L.P., Shreveport, LA, for Evergreen Presbyterian Ministries, Inc.

James Howard Smith, Attorney at Law, Little Rock, AR, for Kathleen Elizabeth Pennino.

## ORDER OF ABSTENTION AND DISMISSAL

RICHARD TAYLOR, Bankruptcy Judge.

This is a chapter 13 proceeding, the sixth involving this debtor, Ms. Kathleen Pennino [Pennino or the debtor]. The following matters were set for hearing on February 19, 2003, in the United States Bankruptcy Court, Hot Springs, Arkansas:

- Trustee's Motion to Dismiss With Prejudice, filed on December 20, 2002;

- Debtor's Response to Trustee's Motion to Dismiss With Prejudice, filed on December 31, 2002;

- Objection to Confirmation of Plan, filed by the chapter 13 trustee on January 1, 2003 (mailed to the debtor on December 19, 2002);

- Debtor's Response to Trustee's Objection to Confirmation of Plan, filed on December 31, 2002;

- Order Granting Motion For Reconsideration and Setting Hearing on Motion to Alter or Amend Judgment, filed on January 13, 2003; and

- Order to Show Cause, filed on January 13, 2003.

Also pending before the Court was the attorney for the debtor's "Motion to be Relieved as Counsel," filed on January 14, 2003.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and 11 U.S.C. § 305. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

By agreement of the parties, before considering the trustee's motion to dismiss and this Court's order to show cause, the Court considered counsel's motion to be relieved. After examining Pennino, the Court found that the debtor no longer wished to have her attorney represent her in this matter, that she understood the nature of the pleadings and matters before the Court, and that she was capable of proceeding on her own. Accordingly, she was allowed to do so, and the Court granted the motion to withdraw.

The Court next heard the trustee's motion to dismiss the case and the Court's order to show cause as to whether the Court should abstain and the bankruptcy proceeding be dismissed or suspended pursuant to 11 U.S.C. § 305. The two matters were consolidated by agreement of the parties. For the reasons stated below, the Court dismisses this proceeding and all pending adversary proceedings pursuant to 11 U.S.C. § 305.

Section 305 is a narrow provision of the bankruptcy code that permits a court to dismiss a pending case regardless of the debtor's eligibility for relief. It states that, "[t]he court, after notice and a hearing, may dismiss a case under this title or may suspend all proceedings in a case under this title, at any time if ... the interests of creditors and the debtor would be better served by such dismissal or suspension...." 11 U.S.C. § 305(a). The Court recognizes that abstention is an extreme measure and only appropriate in the situation where both the debtor and creditors would be better served by a dismissal. *See Eastman v. Eastman (In re Eastman),* 188 B.R. 621, 624–25 (9th Cir. BAP 1995) (stating that statutory language and legislative history demonstrate that the test under § 305(a) is not whether dismiss-

al would give rise to a substantial prejudice to the debtor or whether a balancing process favors dismissal; rather, the test is whether both the debtor and the creditors would be better served by a dismissal).

■ In reviewing whether abstention is appropriate, courts look to a number of factors, including absence of bankruptcy purpose, state law proceedings, whether this is a two-party dispute, economy and efficiency of administration, the availability of another case or forum to protect the interest of the parties, alternative means of achieving equitable distribution of assets, and the purpose for which bankruptcy jurisdiction has been sought. *See In re Iowa Trust*, 135 B.R. 615, 622 (Bankr. N.D.Iowa 1992) (summarizing relevant factors and criteria from recent cases while recognizing unique facts of a particular case control).

■ Based upon the factors enumerated below, the Court finds that the interests of both the debtor and her creditors are better served by abstention. The only bankruptcy benefit inuring to Pennino is her desire to delay her creditors while she pursues in federal district court a Racketeer Influenced and Corrupt Organizations Act of 1970 [RICO] action involving the Goddard Hotel in Hot Springs, Arkansas. While the Court appreciates the debtor's candor in this regard, her goal is not coextensive with the purpose of the bankruptcy code generally or specifically a chapter 13 reorganization. Further, her real purpose—compensation from various parties for their alleged actions relative to the Goddard Hotel—can easily and more appropriately be addressed and resolved in another forum.

The Court took into consideration a number of factors in reaching its conclusion. First, this is not Pennino's first chapter 13 proceeding. In fact, it is her sixth since 1996: [1]

| case number | date filed | date dismissed | reason |
|---|---|---|---|
| 6:96–bk–16268 | 05/03/96 | 11/27/96 | voluntary dismissal |
| 6:97–bk–60150 | 02/25/97 | 12/10/97 | on trustee's motion for failure to make payments |
| 6:00–bk–61147 | 11/30/00 | 11/13/01 | on trustee's motion |
| 6:02–bk–73750 | 06/17/02 | 07/10/02 | failure to file schedules |
| 6:02–bk–75229 | 08/20/02 | 09/04/02 | voluntary dismissal |
| 6:02–bk–76456 | 10/11/02 | present case | |

Each of the five previous cases was unsuccessful, and each suffered dismissal prior to discharge.

Second, Pennino testified that her principal, if not sole, asset was the Goddard Hotel located in Hot Springs Arkansas. At one time, the hotel was generating re-

---

1. At the February 19, 2003, hearing, the Court took judicial notice of all proceedings in the previous cases.

ceivables of approximately $20,000.00 a month. According to Pennino, due to actions that are the subject of her concurrent RICO action, the hotel is currently in disrepair and generating minimal cash flow. Pennino's position is that the city of Hot Springs, through and in conjunction with various governmental and private persons or entities, has sought to destroy the value of the Goddard Hotel and obtain possession of the premises. To redress these alleged wrongs, on September 5, 2002, she filed a RICO action in the United States District Court for the Western District of Arkansas, Hot Springs Division, CIV No. 02–6167. According to the testimony of both Pennino and her attorney, James Howard Smith,[2] the two adversary proceedings filed in the present chapter 13 case—6:03–ap–7031 and 6:03–ap–7035— are substantially similar to and arise out of essentially the same facts and circumstances as the RICO action. Accordingly, there is another forum where the issues raised by Pennino concerning the diminution in value of the Goddard Hotel can be addressed.

Third, there appears to be no prospect that Pennino can successfully reorganize in a chapter 13. According to the testimony presented, her proposed plan (involving staggered payments) is not feasible now or in the near future without a successful conclusion to her RICO action. Pennino testified, and her testimony was supported by that of other witnesses, that she was not in a position to adequately fund any part of her proposed plan. The trustee testified that the debtor was already in substantial arrears with respect to proposed plan payments.

Fourth, during an evidentiary hearing in case number 6:00–bk–61147, judicially noted and incorporated into the record, the Court terminated the automatic stay with respect to the Goddard Hotel. While there is no § 362 stay issue currently before the Court, the record does not reflect (1) that any payments have been made to the creditor since the previous hearing, and (2) that there is any credible prospect of payments being made.

Finally, Lonnie Grimes, appearing on behalf of the trustee and as a witness, testified that Pennino filed at least three cases in five months. None of those cases had or have any real chance of success. In the instant case, there is no prospect at this time, or within the foreseeable future, of funding a plan of reorganization in the context of a chapter 13 proceeding. The RICO action is in its earliest stages and does not offer any immediate expectation of a trial or successful conclusion. Given the current circumstances of the Goddard Hotel and its inability to generate satisfactory cash flow, Pennino's only real prospect of ever paying her creditors is through a favorable resolution of the RICO action.

In weighing these factors, the Court is convinced that abstention under 11 U.S.C. § 305 is appropriate. Not only is reorganization remote and patently not feasible, there is no valid purpose under these facts for a chapter 13 reorganization. There is a pending RICO action that reflects the reality of her conflict with the city of Hot Springs and related parties. Pennino can adequately explore and, if appropriate, redress her grievances against the named defendants in that suit. The two pending

---

**2.** Pennino waived her attorney-client privilege at the hearing, after which Smith testified on Pennino's behalf.

adversary proceedings and this bankruptcy case merely track, or are totally dependent upon, the RICO action. There is no bankruptcy or administrative purpose served by continuing these proceedings before this Court.

It appears that the only reason bankruptcy jurisdiction was sought was to occasion delay. Pennino acknowledged this fact, and it is further demonstrated by at least two other factors. The first is that her previous five bankruptcies reflect a continual use and ready disposal of bankruptcy when convenient to Pennino. The second is her inability to reorganize absent a successful conclusion to the RICO action that is, at best, remote in time and certainty.

For the above reasons, the Court hereby finds and orders that, pursuant to 11 U.S.C. § 305, this pending bankruptcy matter and all proceedings therein, including the two adversary proceedings referenced above, should be, and hereby are, dismissed. Pursuant to Federal Rule of Bankruptcy Procedure 7041(b), this abstention and dismissal does not operate as an adjudication upon the merits of the adversary proceedings and is without prejudice with regard to the adversary proceedings.

IT IS SO ORDERED.