NOT RECOMMENDED FOR PUBLICATION

File Name: 24b0004n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: GRAY MATTER HOLDINGS INC.,

         *Debtor*.

_____

GRAY MATTER HOLDINGS INC.,

       *Debtor-Appellant*,

  *v*.

DAVID HANDEL,

        *Creditor-Appellee*.

No. 24-8002

On Motion for Sanctions

United States Bankruptcy Court for the Northern District of Ohio at Youngstown.
No. 4:23-bk-41366—Tiiara N. A. Patton, Bankruptcy Judge.

Decided and Filed:  July 22, 2024

Before: BAUKNIGHT, MASHBURN, and STOUT, Bankruptcy Appellate Panel Judges

_____

**COUNSEL**

**ON MOTION AND REPLY:**  Lisa M. Ghannoum, Alexis C. Beachdell, Melissa M. Bilancini, BAKER & HOSTETLER LLP, Cleveland, Ohio, Matthew W. Nakon, Christopher W. Peer, Michael R. Nakon, WICKENS HERZER PANZA, Avon, Ohio, for Appellee.  **ON RESPONSE:** Eric H. Zagrans, ZAGRANS LAW FIRM LLC, Columbus, Ohio, for Appellant.

_____

**OPINION**

_____

ALAN C. STOUT, Bankruptcy Appellate Panel Judge.  This appeal has been dismissed. On April 22, 2024, we granted Appellant Gray Matter Holdings, Inc.'s motion to voluntarily

dismiss the appeal pursuant to Rule 42(b)(2) of the Federal Rules of Appellate Procedure. Appellee David Handel now seeks sanctions against Appellant, alleging that the filing of the appeal was frivolous.  Finding no basis for sanctions, we deny Appellee's sanctions motion.

## JURISDICTION

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal.  *See* 28 U.S.C. § 158.  The United States District Court for the Northern District of Ohio has authorized appeals to the Panel.  Gen. Order No. 1997-27 (N.D. Ohio July 9, 1997).  Neither party to this appeal elected to have it heard by the district court.  28 U.S.C. § 158(b), (c); *see* Fed. R. Bankr. P. 8005.

## BACKGROUND

Appellee David Handel ("Handel") is a shareholder and creditor of Gray Matter Holdings, Inc. ("Gray Matter" or "Debtor"), a Cleveland-based blockchain tech company. Anthony Davian ("Davian") is Gray Matter's CEO, President, and Director.  Handel and Davian were involved in a two-party dispute in Cuyahoga County state court for eleven months before Davian filed the underlying Chapter 11 Subchapter V petition on Gray Matter's behalf on December 21, 2023, staying the state court litigation.

The bankruptcy court ultimately dismissed Gray Matter's bankruptcy.  The court initially held a two-day hearing on December 27 and 28, 2023, on Gray Matter's expedited motion for a temporary restraining order ("TRO") and preliminary injunction to prevent Handel from denying Davian access to Debtor's facilities and financial records.  However, at the close of that hearing, the court raised a separate issue *sua sponte*—whether the court should abstain pursuant to 11 U.S.C. § 305(a)[1], given the parties' extensive, ongoing state-court litigation—and had the parties brief the abstention issue.

At the subsequent hearing on January 12, 2024, the bankruptcy court issued an oral decision abstaining from and dismissing the case pursuant to Section 305(a).  The court found

---

[1]The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq.*  Specific sections of the Bankruptcy Code are identified herein as "Section __."

that a number of the abstention factors set forth in *In re Fortran Printing, Inc.*, 297 B.R. 89, 94 (Bankr. N.D. Ohio 2003)[2] weighed in favor of abstention, including whether a state court proceeding was already pending, given that Davian and Handel were "already engaged in litigation and are in the process of obtaining a state court ruling on corporate ownership and control of Debtor." (Jan. 12, 2024 Hr'g Tr. 17:20–23, Bankr. No. 23-41366, ECF No. 58.) Reasoning that "the ability for either Mr. Davian or Mr. Handel to proceed and determine the best path forward for the Debtor is a determination on who owns and controls the Debtor, and those matters are pending in state court," *id.* at 21:4–8, the lower court dismissed the bankruptcy. On January 22, 2024, Gray Matter filed a Motion to Stay Dismissal Pending Appeal, which was denied.

Gray Matter then initiated this appeal[3] on January 25, 2024, raising the issues of whether the bankruptcy court abused its discretion by abstaining from and dismissing the case or by denying a stay pending appeal. Before those issues were briefed and submitted to us, Gray Matter moved to dismiss its appeal on April 19, 2024, and that motion was granted days later. Thus, all that remains is Appellee's motion for sanctions.

---

[2]In *Fortran Printing*, the Ohio Northern Bankruptcy Court considered the following factors to determine whether abstention was appropriate: (1) whether the petition was filed by a small number of creditors and most creditors oppose the bankruptcy; (2) whether there is a state insolvency proceeding or other out-of-court arrangement pending; (3) whether dismissal is in the best interests of the debtors and all creditors; (4) economy and efficiency of administration; (5) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court; (6) whether federal proceedings are necessary to reach a just and equitable solution; (7) whether there is an alternative means of achieving an equitable distribution of assets; (8) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (9) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (10) the purpose for which bankruptcy jurisdiction has been sought. 297 B.R. at 94–95.

[3]This appeal's brief procedural history is as follows: on February 15, 2024, the BAP issued a Show Cause Order addressing Appellant's failure to file an appearance form in the appeals court and case opening documents in the bankruptcy court. Appellant subsequently filed the requisite forms on February 28, 2024, to avoid dismissal. On March 21, 2024, Appellant filed a separate motion requesting a three-week extension of time to file its appellate brief. That extension was granted, giving Appellant until April 22, 2024, to file its brief. Appellant ultimately moved to voluntarily dismiss on April 19, 2024, without filing any brief, prompting Appellee to file the present sanctions motion.

Handel seeks sanctions against Gray Matter[4] under Federal Rule of Bankruptcy Procedure 8020(a) and Federal Rule of Appellate Procedure 38,[5] both of which give appellate courts discretion to impose sanctions for "frivolous" appeals. In his "Motion for Award of Sanctions for Filing Frivolous Appeal,"[6] Handel argues this appeal is "sanctionable because it is without merit and was filed merely for delay and the improper purpose of attempting to find a new judicial forum after not being satisfied with the state court proceedings." (Appellee Mot. Sanctions at 3, B.A.P. Case No. 24-8002, ECF No. 27.) He argues that Debtor, and by proxy Debtor's appellate counsel, Eric Zagrans ("Zagrans"), had improper motives of harassment and delay and that their "appeal existed solely for purposes of delay and frustration." (Appellee Reply at 4, B.A.P. Case No. 24-8002, ECF No. 31.)

To justify this accusation, Handel alleges numerous instances of Davian's vexatious or dilatory conduct in state litigation and during the bankruptcy, including: Davian's decision to file the Subchapter V petition and contemporaneous TRO motion, seeking relief that the state court had already denied[7]; his filing a notice of bankruptcy stay in state court on the eve of Handel's motion to appoint receiver and show-cause hearings; Davian's seeking a stay of the

---

[4]Handel's motion avers that "any sanctions awarded should be against Mr. Davian, personally, and his counsel for initiating and prolonging the appeal, rather than against Gray Matter Holdings, Inc. A sanction against Gray Matter Holdings, Inc. would only serve to further harm Mr. Handel as a shareholder and creditor." (Appellee Mot. Sanctions at 11, B.A.P. Case No. 24-8002, ECF No. 27.) Handel cites *American Trust v. Sabino*, 230 F.3d 1357, 2000 WL 1478372, at \*1 (6th Cir. Sept. 28, 2000) (unpublished table decision), for the proposition that a "federal court has the inherent power to impose sanctions against a party *or non-party* who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (Appellee Mot. Sanctions at 8 n.7, B.A.P. Case No. 24-8002, ECF No. 27 (emphasis added)). However, because we are denying sanctions, the distinction is moot.

[5]The Federal Rules of Bankruptcy Procedure are set forth in Fed. R. Bankr. P. 1001 *et seq.* and are identified herein as "Bankruptcy Rule __." The Federal Rules of Appellate Procedure are set forth in Fed. R. App. P. 1 *et seq.* and are identified herein as "Appellate Rule __."

[6]Aside from the alleged frivolousness of Gray Matter's appeal, Appellee's motion delves into other issues, such as whether the bankruptcy was improperly filed, whether Debtor's conduct during the bankruptcy was improper, and whether abstention and dismissal were abuses of discretion by the lower court. (*See generally* Appellee Mot. Sanctions, B.A.P. Case No. 24-8002, ECF No. 27.) To be clear, none of those issues are presently before this panel.

[7]Handel argues the bankruptcy itself was filed to relitigate unfavorable state-court outcomes and delay pending proceedings, "merely filed as a means to delay pending state court actions," (Appellee Mot. Sanctions at 9, B.A.P. Case No. 24-8002, ECF No. 27), as indicated in part by Debtor's failure to file any first-day motions. Handel stresses the bankruptcy court's determination that the bankruptcy filing was an "attempt to find a new judicial forum after not being satisfied with the state court proceedings." (*Id.* at 10 (citing Jan. 12, 2024 Hr'g Tr. 23:11-19, Bankr. No. 23-41366, ECF No. 58).) Again, when that issue is not before us, we need not address the legitimacy or surrounding motivations of the underlying bankruptcy.

abstention and dismissal order pending appeal, which "further delay[ed] the state court proceedings," (Appellee Mot. Sanctions at 2, B.A.P. Case No. 24-8002, ECF No. 27); and his opposing Handel's motion to lift stay in state court while simultaneously planning a new case against Handel in a different state court (even filing that new complaint on the same day the parties were attempting to mediate). (*Id.* at 8–9.) Appellee argues these examples are illustrative of improper and dilatory misconduct by Debtor's principal during the bankruptcy.

Handel further alleges that Debtor's dilatory behavior continued into this appeal. For one, Gray Matter initially failed to file the requisite appellate forms prompting a show-cause order from the BAP on February 15, 2024. Additionally, Debtor's appeals counsel Zagrans requested a three-week extension of time to file Debtor's opening brief, citing "the press of other business and a previously scheduled, paid-in-advance trip out of the country for the undersigned Appellant's counsel." (*Id.* at 9–10 (citing Mot. to Extend Time to File Brief, B.A.P. Case No. 24-8002, ECF No. 21).) Yet, Debtor moved to voluntarily dismiss the appeal on the last business day before the brief was due. Appellee takes umbrage with the abrupt manner of Debtor's dismissal, arguing it further weighs in favor of sanctions.

In response, Appellant filed an "Opposition to Appellee's Motion for Award of Sanctions,"[8] elaborating upon its decisions to file bankruptcy and to appeal and providing explanations for the extension-of-time request and voluntary dismissal. Gray Matter explains that, though insolvent when it filed its Subchapter V petition, Debtor received unexpected good news last April that its financial circumstances were improving: "In light of the good financial operating results . . . and the likelihood that if it prevailed in the appeal Appellant would face dismissal on remand back to the Bankruptcy Court on the different basis that it was no longer insolvent, Appellant made the decision to dismiss its appeal and preserve time, money and other resources for all parties and for the Court." (Appellant Opp. Sanctions at 5, B.A.P. Case No. 24-8002, ECF No. 28.) Zagrans further explains he underwent serious cancer surgery in October 2023, and the "paid-in-advance trip" was an essential part of his recovery, as was explained in

---

[8]On May 14, 2024, Appellant sought leave to file its response brief *instanter*, due to a technological issue that prevented Appellant's counsel from timely filing the brief the day prior. The BAP granted Appellant's leave to file *instanter* on May 14, 2024.

his motion for enlargement of time. (*Id*. at 7–9.)  Clarifying that he was not retained until the appeal and not involved in the bankruptcy proceedings, Zagrans attests he genuinely believed he would be filing an appellate brief, before Debtor's finances improved and he was instructed to dismiss the appeal.  (*Id*. at 9).

## STANDARD OF REVIEW

The awarding of sanctions under Appellate Rule 38 is a matter entrusted to our discretion. Appellate Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it ***may***, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Fed. R. App. P. 38 (emphasis added). Bankruptcy Rule 8020, which mirrors Appellate Rule 38, likewise provides, "If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it ***may***, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Fed. R. Bankr. P. 8020 (emphasis added).

The Sixth Circuit Court of Appeals, in affirming a BAP judgment awarding sanctions under Rule 8020, held that "sanctions are warranted under Appellate Rule 38 'only in the rare case when an appeal involves an improper purpose, such as harassment or delay, or when . . . an appeal consists of baseless or improperly raised arguments.'" *WMS Motor Sales v. Reese* (*In re Reese*), 485 F. App'x 32, 35 (6th Cir. 2012) (quoting *B&H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 271 (6th Cir. 2008)).  However, "a finding of bad faith is not required before sanctions under Rule 38 may be imposed by this [C]ourt."  *Dubay v. Wells*, 506 F.3d 422, 432–33 (6th Cir. 2007) (quoting *Wilton Corp. v. Ashland Casting Corp*, 188 F.3d 670, 677 (6th Cir. 1999)).

The Sixth Circuit has elaborated that "the awarding of sanctions under Rule 38 is predicated upon a finding that (1) the appeal is frivolous, and (2) sanctions are appropriate." *Allinder v. Inter–City Prods. Corp.*, 152 F.3d 544, 552 (6th Cir. 1998).  "Although the term 'frivolous' is not subject to a ready-made definition, generally '[a]n appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit.'" *Pieper v. Am. Arb. Ass'n Inc.*, 336 F.3d 458, 465 (6th Cir. 2003) (quoting *Allinder*, 152 F.3d at 552 (citation

omitted)); *Smyth v. Edamerica, Inc.* (*In re Smyth*), 470 B.R. 459, 462 (B.A.P. 6th Cir. 2012). An appeal is frivolous "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." *Knowles Bldg. Co. v. Zinni* (*In re Zinni*), 261 B.R. 196, 204 (B.A.P. 6th Cir. 2001) (quoting *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)); *see also Conway v. Nusbaum*, 109 F. App'x 42, 43 (6th Cir. 2004) (denying sanctions for a meritless appeal because the appeal did "not appear to have been prosecuted for delay, harassment, or other improper purposes").

An appeal is also frivolous when unfounded, meaning "the appeal had no foundation in law upon which the appeal could be brought." *Ellis v. Heldman*, 55 F. App'x 742, 744 (6th Cir. 2003) (quoting *Wrenn v. Gould*, 808 F.2d 493, 505 (6th Cir. 1987)). "An appeal is frivolous where an appellant 'essentially had no reasonable expectation of altering the district court's judgment based on law or fact.'" *Moross Ltd. P'ship v. Fleckenstein Cap., Inc.*, 466 F.3d 508, 520 (6th Cir. 2006) (quoting *Wilton Corp.*, 188 F.3d at 677); *see also Allinder*, 152 F.3d at 552 (quoting *Reid v. United States*, 715 F.2d 1148, 1155 (7th Cir. 1983) ("Sanctions are appropriate where 'the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy.'")). Other circuits have also considered whether any conceivable basis for reversal existed prior to imposing sanctions for a frivolous appeal. *See, e.g.*, *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 265–66 (7th Cir. 1999) (determining that an appeal was not frivolous when appellants raised "substantial, if non-meritorious, legal challenges" to the trial court decision that "created some conceivable chance of reversal"); *Ramirez v. Debs-Elias*, 407 F.3d 444, 450 (1st Cir. 2005) (citation omitted) (finding sanctions were warranted when "the overwhelming weight of precedent was against appellant's position, where appellant could set forth no facts to support its position, or where, in short, there simply was no legitimate basis for pursuing an appeal").

## DISCUSSION

We find the conduct of Appellant and its principal Davian does not rise to the sanctionable level of frivolousness, delay, or harassment. First, Gray Matter's decision to appeal the abstention and dismissal order was, by itself, not "obviously without merit" or "prosecuted for delay, harassment, or other improper purposes." *Lawrence v. United States*, 229 F.3d 1152,

2000 WL 1182452, at *3 (6th Cir. Aug. 15, 2000) (unpublished table decision). Gray Matter was appealing the bankruptcy court's "extraordinary remedy" to abstain from and dismiss the bankruptcy under Section 305(a). *In re Dzierzawski*, 528 B.R. 397, 405 (Bankr. E.D. Mich. 2015); *see also In re L & M Video Prods.*, No. 07-31798, 2007 WL 1847387, at * 6 (Bankr. N.D. Ohio June 25, 2007) (finding dismissal based on the extraordinary remedy of abstention to be in the best interests of creditors); *Atkins v. CGI Techs. & Sols., Inc.*, 339 F. Supp. 3d 619, 631 (E.D. Ky. 2018) ("[A]bstention is an extraordinary remedy, only to be exercised when a case presents an enumerated 'exceptional circumstance.'" (citation omitted)); *Woody's Rest., LLC v. Travelers Cas. Ins. Co.*, 980 F. Supp. 2d 785, 788 (E.D. Ky. 2013) (finding that "the avoidance of piecemeal litigation factor does not support the extraordinary remedy of abstention"); *In re Cincinnati Gear Co.*, 304 B.R. 784, 785 (Bankr. S.D. Ohio 2003) ("Section 305(a)(1) is an extraordinary remedy that should be applied with extreme caution.").

Therefore, denials or reversals of abstention on appeal are not wholly uncommon.[9] As Appellant notes, many courts have either denied abstention requests outright or were later reversed on appeal for failing to fully explain the grounds for granting abstention. (Appellant Opp. Sanctions at 3, B.A.P. Case No. 24-8002, ECF No. 28 (citing *Eastman v. Eastman* (*In re Eastman*), 188 B.R. 621 (B.A.P. 9th Cir. 1995) (reversing and remanding abstention and dismissal); *In re Martin-Trigona*, 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1983) (finding abstention inappropriate when the movant failed to set forth sufficient grounds for abstention); *Hartigan v. Pine Lake Vill. Apartment Co.* (*In re Pine Lake Vill. Apartment Co.*), 16 B.R. 750, 755 (Bankr. S.D.N.Y. 1982) (rejecting the abstention request under § 305 as premature); *In re Nina Merch. Corp.*, 5 B.R. 743, 748 (Bankr. S.D.N.Y. 1980) (citation omitted) ("Abstention would be an abdication of the court's responsibility.")).

---

[9]"Although § 305(a) abstention orders were at one time immune from any judicial review, such is not the case anymore. *See* 11 U.S.C. § 305(c). Prior to 1990, § 305(c) prohibited all appellate review of an abstention order under Section 305(a). Collier on Bankruptcy ¶ 305.05 (Alan J. Resnick & Henry J. Sommer eds., 16th ed.). However, in response to the United States Supreme Court's decision in *Marathon Pipe Line*, and other appellate court decisions that determined Article I courts did not have the constitutional authority to enter unreviewable abstention orders, Congress amended the statute to allow for review of abstention orders by the district court or bankruptcy appellate panel. *Id.*, n.2 (citing *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)." *In re Law Offices of T. Robert Hill, P.C.*, No. 17-10597, 2017 Bankr. LEXIS 4621, at *8 (Bankr. W.D. Tenn. June 20, 2017).

Appellant explains it filed the bankruptcy petition and subsequent appeal because it "believed in good faith that its best interests required it to remain in the Chapter 11 case, where it would have the benefit of both the automatic stay in bankruptcy and the ability to use the Youngstown facility." (*Id.* at 3.) Appellant's appeal was premised upon the allegation that the lower court "employed a balancing test and failed to determine and hold that dismissal was in the best interests of the debtor as well as of creditors" (*id.* at 3) and the fact that Appellant "believed that the record below simply did not support" abstention (*id.* at 4).

Regardless of the validity of these legal arguments (which we need not address), Appellant's purported premise for appeal was neither frivolous nor far-fetched. Decisions to appeal must be made quickly. Given that there was a two-day evidentiary hearing prior to the abstention ruling and then a separate oral ruling abstaining from and dismissing the case, it was not unreasonable for an appellant like Gray Matter to preserve its right to look for a reversible issue, particularly when abstention requests and orders are so frequently scrutinized. As for the other examples of Appellant's alleged frivolous conduct—filing the bankruptcy petition, filing a notice of bankruptcy stay in state court, seeking a stay of abstention and dismissal pending appeal, and opposing Handel's motion to lift stay in state court while filing a complaint elsewhere—we do not find these examples illustrative of anything more than routine litigation.

In Sixth Circuit cases when sanctions were warranted, a more palpable degree of misconduct was typically present, such as repeat or unauthorized filings. *See, e.g.*, *Dean v. Lane* (*In re Lane*), 604 B.R. 23, 37 (B.A.P. 6th Cir. 2019) (holding that the bankruptcy court did not err by imposing sanctions against appellants for an ongoing pattern of frivolous filings); *WMS Motor Sales, Ltd. v. Reese* (*In re Reese*), 464 B.R. 61, No. 10-8078, 2011 WL 1882383, at *2 (B.A.P. 6th Cir. May 18, 2011) (unpublished table decision) (affirming the bankruptcy court's award of appellee's attorney's fees as a sanction on remand when the debtor never authorized the appeal filed by his attorney); *In re Zinni*, 261 B.R. at 199 (affirming an award of sanctions to debtor's wife due to creditor's improper prosecution of a nondischargeability claim against her).

Based on the record, Gray Matter filed its Subchapter V petition when apparently insolvent and appealed on the reasonable grounds that abstention and dismissal may have been improper. When Debtor's circumstances improved, its position regarding the dismissal and

appeal changed.  Combined with Zagrans's medical treatments and scheduling difficulties, Gray Matter was no longer motivated to proceed and chose to dismiss the appeal.  No part of the appeal or dismissal was inherently frivolous or obviously designed to frustrate the opposing party.

In short, Gray Matter's appeal was not "frivolous," *Reese*, 485 F. App'x at 35; filed out of "sheer obstinancy," *Allinder*, 152 F.3d at 552; or otherwise "unfounded" or lacking a "foundation in law upon which the appeal could be brought," *Ellis*, 55 F. App'x at 744.  Given that abstention rulings are "extraordinary remedies" that do get overturned on appeal, there was probability for the lower court's decision being reversed.  Absent some other apparent misconduct or egregious delay by Gray Matter, its decisions to appeal and then dismiss the appeal were not "obviously without merit" or "prosecuted for delay, harassment, or other improper purposes."  *Lawrence*, 2000 WL 1182452, at *3.  Appellee's Motion for Sanctions is DENIED.