976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Braxton DIXON, Debtor.
Jane B. FORBES, Plaintiff-Appellee,
v.
Braxton DIXON; Nader Baydoun, Defendants-Appellants.
 No. 91-6427.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nader Baydoun, on behalf of his client Braxton Dixon, filed a malpractice action against the trustee of Dixon's bankruptcy estate, Jane Forbes. The bankruptcy court found the action baseless and issued sanctions against Baydoun and Dixon pursuant to Bankruptcy Rule 9011. Baydoun appealed to the district court, which eventually affirmed the sanctions. He now appeals to this court, challenging the award of sanctions on several grounds. We affirm in part and vacate and remand in part.
 
 I.
 
 2
 Braxton Dixon is a construction contractor in Tennessee. In 1983, he was sued in Tennessee state court for breach of contract. Dixon's attorney neglected to file a brief in the matter. The special master recommended finding against Dixon after reviewing the entire record and considering arguments that Dixon might have raised. The trial court accepted this recommendation. In response, Dixon filed for chapter 13 bankruptcy, 11 U.S.C. § 1301 (personal bankruptcy), which was subsequently converted to a chapter 11 petition, 11 U.S.C. § 1101 (reorganization), and Jane Forbes was appointed to serve as trustee.
 
 
 3
 Dixon retained new counsel, Steve Lefkovitz, to pursue an appeal of the breach of contract action. The Tennessee Court of Appeals conducted a de novo review and affirmed the trial court's decision. On April 11, 1984, during the pendency of this appeal, Lefkovitz informed Dixon by letter that he might have a malpractice claim against his original attorney for failing to file a brief. After further review, Lefkovitz determined that such a claim would be futile and notified Dixon and Forbes of this assessment by letter dated March 14, 1985. Dixon then retained Nader Baydoun to appeal the underlying contract suit to the Tennessee Supreme Court, which declined to grant review. Baydoun also represented Dixon in the bankruptcy matter.
 
 
 4
 In 1986, Dixon sought a discharge from bankruptcy under chapter 7, 11 U.S.C. § 701 (liquidation). Forbes had recently obtained information that Dixon might have fraudulently hidden assets and moved for an extension of time to file an objection to the discharge of Dixon from bankruptcy. The motion was granted after a hearing at which Baydoun expressed his intention to file a malpractice claim against Forbes for failing to bring suit against Dixon's original counsel in the breach of contract action.
 
 
 5
 Baydoun did file a malpractice action against Forbes. At a pretrial conference, Forbes presented Baydoun with a copy of Lefkovitz's March 14, 1985 letter concluding that a malpractice claim against Dixon's original counsel would be futile. On the strength of this letter, Baydoun withdrew his malpractice claim against Forbes. Forbes then moved for sanctions against Baydoun on the grounds that the malpractice claim against her lacked either a factual or legal foundation. Moreover, she claimed that it was filed for the improper purpose of intimidating her into withholding any objection to Dixon's discharge and that Baydoun was motivated by gender bias in filing the claim. The bankruptcy court awarded sanctions, finding that the malpractice action was without factual or legal merit and that Baydoun had failed to conduct an adequate investigation of the claim. Having thus found sufficient grounds for sanctions, the bankruptcy court found it unnecessary to address Forbes's claims of improper purpose and gender bias.
 
 
 6
 On appeal Baydoun challenges the existence of a violation of Rule 9011, and the amount and form of sanctions imposed.
 
 II.
 
 7
 When sanctions are awarded under Rule 11 of the Federal Rules of Civil Procedure, the applicable standard of review is abuse of discretion. Cooter & Gell v. Hartmarx Corp., 110 L.Ed.2d 359, 381-82 (1990). The same standard applies to the review of sanctions imposed under Bankruptcy Rule 9011. Mid-Tech Consulting, Inc. v. Swendra, 938 F.2d 885, 888 (8th Cir.1991); In re Cohoes Indus. Terminal, Inc., 931 F.2d 222, 227 (2d Cir.1991); In re Grantham Bros., 922 F.2d 1438, 1441 n. 2 (9th Cir.), cert. denied, 116 L.Ed.2d 66 (1991).
 
 
 8
 An abuse of discretion occurs when a trial court bases "its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell, 110 L.Ed.2d at 382. In other words, we review issues of law for error and issues of fact for clear error. Century Prods. Inc. v. Sutter, 837 F.2d 247, 253-54 (6th Cir.1988).
 
 A.
 
 9
 Rule 9011 requires, inter alia, an attorney who signs a pleading to first make a reasonable inquiry into the pleading's factual and legal bases. The rule thus describes an objective reasonableness test. See Kershaw v. Behm, 81 B.R. 897, 900 (M.D.Tenn.1988). Among the factors to be considered in determining whether an attorney made a reasonable inquiry are "the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading ...; whether the pleading ... was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar." Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988) (citation omitted). The bankruptcy court found that all of these factors militated against Baydoun.
 
 
 10
 In order to prove malpractice by Forbes, Baydoun would not only have to show that the claim Forbes failed to assert against Dixon's original counsel would have succeeded, Baydoun would also have to demonstrate that Forbes was negligent in failing to bring the claim. Woodruff v. Tomlin, 616 F.2d 924 (6th Cir.) (en banc) (citing Gay & Taylor, Inc. v. American Casualty Co., 53 Tenn.App. 120, 381 S.W.2d 304 (1963)), cert. denied, 449 U.S. 888 (1980). The court found that had Baydoun made a reasonable inquiry, he would have discovered Lefkovitz's March 1985 letter assessing as futile any malpractice claim against Dixon's original counsel. Baydoun himself concedes that this letter renders groundless any claim of negligence by Forbes for failing to bring the assertedly futile claim. Thus, on the basis of this inadequacy alone, the imposition of sanctions was proper. Further, Baydoun failed to offer any legal foundation to support a finding that such a claim would have been successful. In sum, we find no abuse of discretion.
 
 B.
 
 11
 Initially, the bankruptcy court issued an order awarding Jane Forbes $17,830.49. This award was comprised of Forbes's attorney fees, the increase in her malpractice insurance premium, her personal expenses, and other expenses, including Forbes's own time as well as her direct and indirect mental anguish. Baydoun appealed, and the district court affirmed the finding that he had violated Rule 9011 but reversed and remanded as to the amount of sanctions. Specifically, the district court limited Forbes's recovery of personal and other expenses to the time she spent defending against Baydoun's lawsuit. On remand, the bankruptcy court reexamined the evidence, issued supplemental findings of fact, and revised the amount of the sanction. Baydoun again appealed. The district court ruled that the increase in premium was too indirect a consequence of the frivolous lawsuit to be encompassed within Rule 9011 sanctions and disallowed this item totally. In all other respects, the district court affirmed the sanction and entered an order of $8,355.15 against Baydoun and Dixon.[1]
 
 
 12
 Bankruptcy Rule 9011 directs the bankruptcy court to "impose ... an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the document...." Baydoun contends[2] that the award ultimately entered violates this provision for several reasons.
 
 
 13
 Baydoun attacks various aspects of the fees awarded to Forbes. First, Forbes was awarded compensation for 14.9 hours of her own time. Of this, 5.9 hours were spent in the prosecution of her Rule 9011 motion. These hours should not have been included in the sanctions award. Rule 9011 allows reimbursement of "reasonable expenses incurred because of " the frivolous filing. (Emphasis added.) The Supreme Court has interpreted this language narrowly to apply only to the expenses incurred in opposing the frivolous motion itself. Cooter & Gell, 110 L.Ed.2d at 382-83. Since filing for Rule 9011 sanctions is not a defense against a frivolous filing, Forbes was properly precluded from recovering expenses for the time she spent on her Rule 9011 motion.
 
 
 14
 The nine hours that Forbes spent opposing Baydoun's frivolous lawsuit were properly included among Forbes's expenses. Baydoun argues that, because there is no showing that the time Forbes spent opposing the malpractice action supplanted time that she could have spent billing clients (as opposed to sleeping or recreating), she should not be compensated at her professional rate. Whatever the value of an opposing party's recreational time, the fact remains that she actually spent her time at work and that time has a definite, readily ascertainable value. It is this value that is to be used in calculating the appropriate sanction under Rule 9011.
 
 
 15
 Baydoun does not challenge the $6,061.49 attorney's fee award as such. However, he claims that Forbes has received $2,717.00 from her insurer and should not, in effect, double-recover this amount. Even if Forbes received this amount from her insurer, this would not require that the sanction be adjusted. The purpose of Rule 9011 is to deter the signing of frivolous pleadings. It is thus not of concern that this sanction might constitute a windfall to Forbes so long as the sanction also serves Rule 9011's overarching purpose of deterrence.
 
 
 16
 Baydoun also argues that the court should not have imposed a compensatory sanction. The court has broad discretion to determine what sanction is appropriate. See Cooter & Gell, 110 L.Ed.2d at 379-80. Deriving an appropriate sanction in any given case is by no means an exact science. Consequently, we have recognized that an opposing party's reasonable expenses in defending against a frivolous claim will, "[i]n most cases," provide a sanction that is appropriately gauged with respect to its deterrent effect. See Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor, 875 F.2d 1224, 1231-32 (6th Cir.1989). However, Jackson requires the sanctioning court to make specific findings regarding the sanctioned party's ability to pay and to consider whether, in light of this ability to pay, the amount of the sanction will serve as an adequate deterrent. Id. See also, White v. General Motors Corp., 908 F.2d 675, 685 (10th Cir.1990), cert. denied, 111 S.Ct. 788 (1991) (same). The court in its discretion may award a smaller amount than the offered party's reasonable actual expenditures after considering the offending attorney's financial situation. Id. at 1230. The failure to make such a finding constitutes an abuse of discretion. Id.
 
 
 17
 Because the bankruptcy court failed to make any findings regarding Baydoun's ability to pay, we must remand for specific findings on this point.
 
 III.
 
 18
 For the foregoing reasons, we AFFIRM the imposition of sanctions pursuant to Rule 9011. However, we VACATE the amount of the sanction and REMAND for specific findings as to Baydoun's ability to pay with the caveat that if the court determines a compensatory sanction, it may not include compensation for the time (5.9 hours) that Forbes spent prosecuting her Rule 9011 motion. SO ORDERED.
 
 
 
 [1]
 When adding the components of the sanction, the district court made a transpositional error listing the value of the time spent by Forbes (14.9 hours at $85.00 per hour) as $2,166.50 rather than $1,266.50. Substituting the correct value, the amount of the sanction would have been $7,455.15
 
 
 [2]
 In her appeal brief Forbes argued that increased insurance premiums and mental anguish damages are appropriate subjects for compensation under Rule 9011. Because Forbes failed to file a cross-appeal, however, we do not have jurisdiction to evaluate her claims. Fed.R.App.P. 4(a)(3); S.E.C. v. Youmans, 729 F.2d 413, 415 (6th Cir.), cert. denied, 469 U.S. 1034 (1984) (filing a notice of cross-appeal is jurisdictional where appellee wishes to attack part of a final judgment in order to enlarge his rights or reduce those of his adversary)