**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0622n.06

No. 11-3572

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Jun 13, 2012*

LEONARD GREEN, Clerk

|  |  |
|---|---|
| In re: MICHELLE L. REESE, | ) |
|  | ) |
| **Debtor.** | ) |
| _____ | ) |
|  | ) |
| WMS MOTOR SALES, | ) |
|  | ) |
| **Plaintiff-Appellee,** | ) |
|  | ) |
| v. | ) |
|  | ) |
| MICHELLE L. REESE, | ) |
|  | ) |
| **Defendant,** | ) |
|  | ) |
| IRENE K. MAKRIDIS, | ) |
|  | ) |
| **Attorney-Appellant.** | ) |
| _____ | ) |

ON APPEAL FROM THE
BANKRUPTCY APPELLATE
PANEL OF THE SIXTH
CIRCUIT

**O P I N I O N**

Before: MOORE, ROGERS, and GRIFFIN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Attorney-Appellant Irene K. Makridis appeals the Bankruptcy Appellate Panel's ("BAP") imposition of sanctions for filing a frivolous appeal in bankruptcy proceedings involving WMS Motor Sales ("WMS"). After concluding that Makridis's conduct was egregious enough to warrant sanctions under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8020, the BAP remanded the case to the Bankruptcy Court for the Northern District of Ohio to conduct an evidentiary hearing to determine the appropriate amount of the award. Following the hearing, the Bankruptcy Court ordered Makridis to pay WMS $7,613.85

to cover WMS's costs related to the appeal. Makridis again appealed to the BAP, and on May 18, 2011, the BAP issued an order affirming the bankruptcy court's determination. Because the BAP did not abuse its discretion in granting WMS's motion for sanctions and because the bankruptcy court's award was reasonable, we **AFFIRM** the BAP's May 18, 2011 judgment.

## I. BACKGROUND

Makridis was an attorney for Michelle Reese, who filed for Chapter 7 bankruptcy in 2008 in the U.S. Bankruptcy Court for the Northern District of Ohio. During those proceedings, Reese sought to discharge a debt owed to WMS, and WMS filed a complaint challenging that action. Following a bench trial, the bankruptcy court determined that the debt was not dischargeable and ordered Reese to pay the $6,343 liability. The bankruptcy court entered the order on June 26, 2009.

On July 24, 2009, after the time to appeal had passed, Makridis filed both a motion to extend time to file a notice of appeal and a notice of appeal on behalf of Reese. Neither document provided any reason for the delay in filing. On July 28, 2009, the bankruptcy court denied the motion to extend time, noting that the time for filing the notice of appeal had passed and that Reese had failed to make any allegation of excusable neglect as the court's rules required in order to justify granting a motion to extend time. On July 29, 2009, Makridis filed a motion for reconsideration and attached an affidavit from Reese explaining a reason for the delay. Finding that the motion fell short of the requirements for relief from judgment under Federal Rule of Civil Procedure 59(e), the bankruptcy court denied that motion as well. On August 6, 2009, Makridis filed an "amended" notice of appeal to the BAP challenging the bankruptcy court's denial of the motion to extend time. In response,

WMS filed a motion warning Makridis that it would seek sanctions under Bankruptcy Rule 9011(c) if Makridis continued to file frivolous pleadings in the case.

On November 23, 2009, Reese sent a letter to the BAP notifying it that she had not authorized the appeal and requesting that the appeal be dismissed.[1] On December 8, 2009, the BAP granted Reese's motion and voluntarily dismissed the case. WMS then filed a motion for sanctions against Makridis under Bankruptcy Rule 8020. On February 18, 2010, the BAP granted WMS's motion. *WMS Motor Sales v. Reese (In re Reese)*, No. 09-8053 (B.A.P. 6th Cir. Feb. 18, 2010).

In granting WMS's motion, the BAP concluded that "[t]he arguments raised by Makridis in support of the appeal are wholly without merit." *Id.* slip op. at 3. Specifically, the BAP rejected Makridis's argument that the bankruptcy court erred in refusing to grant the motion to extend the time for appeal, noting that "[i]t is well established that Rule 8002(c)(2) requires a showing of excusable neglect," and that Makridis had failed to make any such showing. *Id.* Furthermore, the BAP also rejected Makridis's argument that the motion for reconsideration should have been construed as an amended motion to extend the time for appeal, concluding that even had the motion been so construed, it could not have been granted because the amended motion was filed beyond the twenty-day time period during which requests for extensions were permitted under the rules. In conclusion, the BAP stated, "This appeal does not involve serious, controversial, doubtful, or even novel questions. Makridis's arguments lack any conceivable merit, and this has been apparent for

---

[1]Makridis vigorously disputes Reese's contention that Makridis lacked authority to file the appeal. Whether Makridis had authority, however, is irrelevant to this appeal because the BAP did not rest its sanctions determination on that issue.

a long time." *Id.* slip op. at 4 (citation omitted). Accordingly, the BAP dismissed the appeal and remanded the case to the bankruptcy court for a hearing to determine the appropriate amount of damages.

At the subsequent evidentiary hearing, WMS's attorney, Randil Rudloff, testified concerning his $200 per hour rate, his method of timekeeping, and the amount of time he spent working on the BAP appeal. During cross-examination, Makridis questioned Rudloff only about the level of specificity in his timekeeping entries. She did not challenge his billing rate or the number of hours spent working on the appeal. Furthermore, when asked by the court whether she wanted to put on any defense, Makridis declined. Following the hearing, the bankruptcy court entered an order granting WMS's request for $7,613.85 in damages and costs. The court found Rudloff's hourly rate and the time spent on the appeal both to be reasonable figures, and noted that Makridis had failed to challenge any aspect of the damages calculation.

The BAP affirmed the bankruptcy court's award. *WMS Motor Sales v. Reese (In re Reese)*, No. 10-8078 (B.A.P. 6th Cir. May 18, 2011). The BAP noted that Makridis's sole argument on appeal centered on her belief that her conduct involved a good-faith attempt to clarify the law, making the full amount of damages unwarranted. Because Makridis did not present that defense to the bankruptcy court, however, the BAP refused to consider it on appeal. Nevertheless, the BAP reiterated its prior conclusion that the appeal did not involve a novel issue and that Makridis's failure to show excusable neglect was fatal to her claims. The panel further noted that even if it were to consider the merits of Makridis's arguments concerning whether her conduct was justified, the

claims would fail on account of the harm she caused to WMS in forcing it to defend her clearly

meritless appeal.

Following the BAP's decision, Makridis filed a timely notice of appeal to the Sixth Circuit

with respect to the May 18, 2011 order. WMS has since filed with the BAP another motion for

sanctions under Bankruptcy Rule 8020 that seeks recovery of the $5,600 incurred in defending the

second appeal in that court. On July 21, 2011, the BAP granted the motion and ordered Makridis

to pay WMS's requested amount in full. *WMS Motor Sales v. Reese (In re Reese)*, No. 10-8078

(B.A.P. 6th Cir. July 21, 2011).

## II. ANALYSIS

Although our circuit has never reviewed a BAP order imposing sanctions pursuant to

Bankruptcy Rule 8020, the Eleventh and Seventh Circuits have both held that the applicable standard

of review is abuse of discretion. *See DeLauro v. Porto (In re Porto)*, 645 F.3d 1294, 1306 (11th Cir.

2011); *Busson-Sokolik v. Milwaukee Sch. of Engr'g (In re Sokolik)*, 635 F.3d 261, 269 (7th Cir.),

*cert. denied*, 131 S. Ct. 3039 (2011). Binding precedent in this circuit involving sanctions awards

under analogous court rules provides further support for this standard of review. *See Cooter & Gell*

*v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (mandating the abuse-of-discretion standard in cases

involving Federal Rule of Civil Procedure 11); *Mapother & Mapother, P.S.C. v. Cooper (In re*

*Downs)*, 103 F.3d 472, 480 (6th Cir. 1996) (same under Bankruptcy Rule 9011). Accordingly, we

review the BAP's order granting sanctions under Bankruptcy Rule 8020 for abuse of discretion.

5

Bankruptcy Rule 8020 permits the BAP to "award just damages and single or double costs" if, after providing the appellant reasonable opportunity to respond, the BAP determines that an appeal from a bankruptcy judge's order or judgment is frivolous. The rule is materially the same as Federal Rule of Appellate Procedure 38 ("Appellate Rule 38"),[2] and is intended to provide the BAP and district courts hearing bankruptcy appeals with coextensive authority to award sanctions for a frivolous appeal. Fed. R. Bankr. P. 8020 Advisory Committee Notes (1997 Amendment). Thus, as guidance in determining the propriety of the BAP's sanctions under Bankruptcy Rule 8020, we look to our cases applying Appellate Rule 38. *Cf. In re Downs*, 103 F.3d at 480–81 (noting that Bankruptcy Rule 9011 "closely tracks" Federal Rule of Civil Procedure 11 and applying the standards under Rule 11 to review sanctions awarded by a bankruptcy court).

We have held that sanctions are warranted under Appellate Rule 38 "only in the rare case when an appeal involves an improper purpose, such as harassment or delay, or when . . . an appeal consists of baseless or improperly raised arguments." *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 271 (6th Cir. 2008) (citation and internal quotation marks omitted). Frivolous appeals,

---

[2]Specifically, Bankruptcy Rule 8020 provides:
> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Appellate Rule 38 similarly states:
> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

such as those in which "the result is obvious or [the] appellant's argument is wholly without merit," also may warrant sanctions. *Dubay v. Wells*, 506 F.3d 422, 433 (6th Cir. 2007) (internal quotation marks omitted). Similarly, "[s]anctions are appropriate where the appeal was prosecuted with no reasonable expectation of altering the district court's judgment . . . or out of sheer obstinacy." *Allinder v. Inter-City Prods. Corp. (USA)*, 152 F.3d 544, 552 (6th Cir. 1998) (internal quotation marks omitted), *cert. denied*, 525 U.S. 1178 (1999). The amount of damages that should be awarded for a frivolous appeal is a matter of discretion. 16AA Charles Alan Wright et al., *Federal Practice and Procedure* § 3984.1 (4th ed.).

With these principles in mind, we now turn to the case at hand. At the time of Makridis's appeal, Bankruptcy Rule 8002 required that a notice of appeal to the BAP "be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. § 8002(a). The rule nevertheless gave bankruptcy judges discretion to extend the time for filing the notice of appeal under certain circumstances. *Id.* § 8002(c)(1). In order to warrant such discretion, the rule provided that

> [a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

*Id.* § 8002(c)(2).[3] The appeal for which the BAP sanctioned Makridis involved her challenge to the bankruptcy court's conclusion that she had failed to demonstrate excusable neglect to justify extending the time in which to file her notice of appeal.

Makridis argues, as she did before the BAP, that "the excusable neglect language of Rule 8002(2)(c) [sic] is unworkable and a party's failure to show it would not be fatal to a motion to extend time." Appellant Br. at 22; *see also* Reply Br. at 10 ("Appellant acknowledges that her reading of Federal Bankruptcy Rule 8002(2)(c) [sic] was incorrect at the outset. She has endeavored however to show that the rule's requirement for a showing of excusable neglect is not workable for litigants."). Makridis further concedes that her position "is contrary to existing law, and [that she] had no legal authority for such a position." *Id.* Nevertheless, Makridis argues that the rule should be reconsidered to avoid "deny[ing] relief for the ordinary neglect and the vicissitudes of life." *Id.*[4]

---

[3]Bankruptcy Rule 8002 is analogous to Appellate Rule 4(a), which governs the time for filing a notice of appeal in a civil case in federal court. *See* FED. R. BANKR. P. 8002 advisory committee's note; FED. R. APP. P. 4(a). Bankruptcy Rule 8002 was amended effective December 1, 2009, and now provides fourteen days to file a notice of appeal and twenty-one days to file the motion for an extension of time.

[4]As an initial matter, Makridis argues that the BAP erred in failing to consider fully the issues presented in the underlying appeal. It is unclear to us what more the BAP should have done. Although it did not decide the question whether Makridis's filing was unauthorized, a determination on this issue could not have worked in Makridis's favor. Moreover, the BAP did consider both assignments of error presented in the appeal and, after brief discussion, found them to be "wholly without merit." *In re Reese*, No. 09-8053, slip op. at 3 (6th Cir. Feb. 18, 2010). No more was required. To the extent that Makridis's arguments constituted defenses that should have been presented at the evidentiary hearing, those arguments were waived, and the BAP had no obligation to consider them.

Contrary to Makridis's position, it is clear that misinterpreting the rules governing the time for filing does not usually constitute excusable neglect. Although Makridis cites it repeatedly in her brief, *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), does not suggest otherwise. Instead, *Pioneer* recognizes that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392; *see also Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir. 1989) (analyzing excusable neglect under Bankruptcy Rule 8002(c)'s analogue, Appellate Rule 4(a)(5), and concluding that miscalculating the time period for filing is not excusable, but instead "indicate[s] a serious lack of diligence and inattention to the everyday detail of the practice of law"); *Duncan v. Washington*, No. 93-1171, 1994 WL 232397, at *3 (6th Cir. May 27, 1994) (holding that an attorney's "misunderstanding of [Rule 8002(c)] was not excusable"). In light of these longstanding precedents, Makridis's suggestion that a showing of excusable neglect "perhaps should not be required," Appellant Br. at 10, is frivolous.

Makridis's assertion that the BAP should have considered her arguments concerning the need to clarify the documents on which a litigant should rely in determining the timeline for filing a motion to extend the time to file a notice of appeal similarly misses the mark. Makridis does not appear to have raised this argument until her second appearance before the BAP. The BAP therefore justifiably considered it waived. *In re Reese*, No. 10-8078, slip op. at 3 (B.A.P. 6th Cir. May 18, 2011). Even if we were to decide otherwise, the argument fails on its merits. Although Makridis concedes that she erred in reading the docket, she insists that the BAP missed an opportunity to resolve any "confusion in the way judgments are entered by the Clerk." Appellant Br. at 28. In light

9

of the unambiguous rule that the time period for filing a notice of appeal begins to run upon the clerk's *entry* of judgment, Fed. R. Bankr. P. 8002(a), Makridis's argument cannot be classified as a colorable attempt to clarify the law. That Makridis made these arguments in "good faith," *see* Appellant Br. at 32, is of no import. Bad faith is not required to warrant an award of sanctions under Rule 38. *Dubay*, 506 F.3d at 433. Accordingly, the BAP's determination that Makridis's appeal "lack[ed] any conceivable merit" and that sanctions were warranted was not an abuse of discretion. *Cf. Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir. 1999) (imposing sanctions after concluding that the appeal involved an "insubstantial" issue that had already been "clearly resolved" and for which the plaintiff could have "no reasonable expectation of altering the district court's judgment based on law or fact" (internal quotation marks omitted)).

Turning to the bankruptcy court's determination of the amount of the sanctions, Makridis first argues that the BAP abused its discretion in not considering all of her arguments against the amount of the sanctions award.[5] Makridis argued to the BAP that the bankruptcy court had failed to discount the amount of the sanctions based on her good intentions in clarifying the court's rules.

---

[5]Makridis's reply brief also appears to challenge—for the very first time—the propriety of the BAP's remand order directing the bankruptcy court to determine the amount of sanctions. Though we are not obligated even to consider such a belated argument, we note that remand orders in the Appellate Rule 38 context are hardly unprecedented. *See, e.g.*, *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 678 (6th Cir. 1999) (granting sanctions for a frivolous appeal under Appellate Rule 38 and remanding to the district court for a hearing on damages and costs); *see also* 16AA CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3984.3 (4th ed.) (collecting cases and noting that appellate courts can and do remand to the district court for a hearing to determine the proper damages after granting sanctions under Appellate Rule 38). The BAP was thus well within its discretion in taking that approach.

The BAP, however, considered the argument waived by virtue of Makridis's failure to assert it as a defense at the evidentiary hearing. *In re Reese*, No. 10-8078, slip op. at 3 (B.A.P. 6th Cir. May 18, 2011). We agree with the BAP's conclusion. *Cf. Terry v. LaGrois*, 354 F.3d 527, 532 (6th Cir. 2003) (declining to consider an argument on appeal that was not made in the court below). Because the argument was waived before the BAP, we likewise have no occasion to consider it here.

Makridis next argues that the bankruptcy court's failure to make explicit factual findings concerning her ability to pay requires this court to find an abuse of discretion. We disagree. We acknowledge that our cases would require this outcome in cases applying Federal Rule of Civil Procedure 11. *See Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1230 (6th Cir. 1989) (stating that when applying sanctions under Rule 11, "[f]ailure to consider ability to pay is . . . an abuse of discretion"); *Forbes v. Dixon (In re Dixon)*, No. 91-6427, 1992 WL 233900, at *3 (6th Cir. Sept. 22, 1992) (unpublished opinion) (concluding that *Jackson*'s requirements are binding in the context of Bankruptcy Rule 9011 and remanding for consideration of the sanctioned party's ability to pay on account of the bankruptcy court's failure to do so in the first instance). Makridis, however, cites no authority to support extending *Jackson*'s holding to appeals involving Appellate Rule 38 or, by extension, to Bankruptcy Rule 8020. Indeed, both the plain language of the relevant rules and our precedents granting broad authority under Appellate Rule 38 counsel against such an extension.

Rule 11 and Bankruptcy Rule 9011 mandate that sanctions are "limited to what suffices to deter repetition" of the offending conduct "or comparable conduct by others similarly situated" and

require the sanctioning court to "explain the basis for the sanction" levied. Fed. R. Civ. P. 11(c)(4), (c)(6); Fed. R. Bankr. P. 9011(c)(2), (c)(3). Appellate Rule 38 and Bankruptcy Rule 8020, in contrast, contain no such restrictions. Instead, although our precedents clearly consider reasonableness and deterrent value, an award of sanctions by an appeals court is wholly discretionary and limited only by the court's finding "that (1) the appeal is frivolous, and (2) sanctions are appropriate." *Allinder*, 152 F.3d at 552. Accordingly, appellate courts need not always affirmatively request information on the sanctioned party's ability to pay before determining a just award.

This is not to suggest that a court of appeals or the BAP cannot consider ability to pay when fashioning an appropriate sanction. To the contrary, if the party facing sanctions raises its inability to pay or the unreasonableness of a particular sanction in light of its deterrent value, the appellate court could consider those arguments when determining a "just" amount of damages. Here, however, Makridis failed to raise these issues before either the bankruptcy court or the BAP. In fact, she concedes in her reply brief that she "has not presented any evidence on her ability to pay." Reply Br. at 9. Moreover, Makridis presented no challenge to the amount or reasonableness of the costs incurred by WMS in defending the appeal. In light of Makridis's failure to present any defense, the bankruptcy court found both that the hourly rate was "within the ordinary range of fees in this region" and that the hours spent on the case were reasonable. No. 08-04172 R. 82 (Bankr. Ct. Op. re Sanctions at 8–9 & n.3). That being the case, neither the bankruptcy court nor the BAP abused its discretion in failing to consider Makridis's ability to pay before awarding WMS the full amount requested pursuant to Bankruptcy Rule 8020.

Finally, Makridis challenges the BAP's July 21, 2011 order awarding additional sanctions for filing a second frivolous appeal. Makridis, however, has not filed a notice of appeal with respect to this judgment. Federal Rule of Appellate Procedure 3(c)(1)(B) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." The notice of appeal that we have before us, however, was filed on May 26, 2011 and designates only "the final judgment of the Bankruptcy Appellate Panel, which judgment was entered on 18th day of May, 2011" as relevant to this appeal. Although as a general rule we will consider all errors that occur *before* the final judgment in a case, "[w]e will not, . . . absent specific mention in the notice of appeal, entertain issues raised in post-judgment motions if the notice of appeal states only that the appeal is from the final order or the final judgment." *Caudill v. Hollan*, 431 F.3d 900, 906 (6th Cir. 2005); *see also Caldwell v. Moore*, 968 F.2d 595, 598 (6th Cir. 1992) ("[W]here a notice of appeal specifies a particular order, only the specified issues related to that order may be raised on appeal."). As a result, we will not consider the merits of the BAP's July 21, 2011 sanctions order.

### III. CONCLUSION

We are cognizant of the need to weigh the imposition of sanctions carefully in order to avoid chilling parties' exercise of their rights of appeal. *See B & H Med. L.L.C.*, 526 F.3d at 271. But the BAP's determination that the appeal in this case was "wholly without merit," was not an unreasonable one. Because the resulting award of sanctions was appropriate under these circumstances, we **AFFIRM** the BAP's May 18, 2011 judgment. We decline, however, to award attorney fees with respect to the instant appeal.