NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0176n.06

No. 23-1797

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

IN RE: JUANNELIOUS BENJAMIN MURRAY, SR.,

  Debtor.

_____

JUANNELIOUS BENJAMIN MURRAY, SR.,

  Plaintiff-Appellant,

STEVEN A. FINEGOOD,

  Interested Party-Appellant,

  v.

SAFIR LAW P.L.C.,

  Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**

Apr 19, 2024

KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

BEFORE: COLE, CLAY, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

We have seen this case twice before, each time affirming the bankruptcy court's handling of plaintiff's unmeritorious claims. It now returns again, this time on review of the district court's imposition of sanctions against plaintiff and his attorney. We affirm.

I.

In 2015, defendant Safir Law represented plaintiff Juannelious Murray in an automobile-negligence action against Allstate Insurance Company for no-fault benefits under Michigan law. With Murray's authorization, Safir Law settled the case and negotiated with each of his medical

providers to reduce his medical debt. Murray's negotiated debt, his attorney fees, and other administrative fees were to be paid from the settlement proceeds.

Unbeknownst to Safir Law, in 2016, Murray separately commenced a Chapter 13 bankruptcy case shortly after Safir Law filed the automobile-negligence action. Murray first advised Safir Law of his bankruptcy case in August 2016 when he was at Safir Law's office to sign the settlement agreement. The bankruptcy court dismissed Murray's case on October 20, 2016, for Murray's failure to make proposed plan payments. Eight days later, the state court approved the settlement agreement in Murray's automobile-negligence suit, and Safir Law subsequently received the settlement proceeds from Allstate. In November 2016, Safir Law paid Murray's medical debts from the settlement proceeds.

In 2018, Murray's current attorney, Steven A. Finegood, filed a five-count state-court complaint on behalf of Murray against Safir Law, alleging breach of fiduciary duties, conversion, fraud, and malpractice related to Safir Law's distribution of the automobile-negligence suit's settlement proceeds and interplay between that case and his 2016 bankruptcy case. The complaint alleged, without supporting facts or evidence, that Safir Law "improperly embezzled or converted" a majority of the settlement proceeds rather than paying Murray's medical providers. Given the indisputable evidence that Safir Law appropriately paid Murray's medical providers in accordance with the court order, the state court granted summary disposition to Safir Law on counts 1–4 of the complaint, sanctioned Finegood for failing to determine whether the supporting allegations were grounded in fact prior to filing suit, and sealed the complaint to protect Safir Law's reputational interests. Safir Law then moved for summary disposition on, and for sanctions related to, count 5, which alleged that Safir Law had not "take[n] reasonable steps to protect [Murray's] interests as a bankruptcy debtor" by failing to move the state court "to enter a proper order

regarding remittance of the parties' settlement" in the automobile-negligence case and to prevent Safir Law from "taking any payment of attorney fee[s] that had not been earned or authorized" by the bankruptcy court. Although Murray failed to respond to the motion, the state court set a motion hearing for March 2019.

The day before the scheduled motion hearing, Murray, represented by Finegood, moved to reopen the 2016 bankruptcy case and then attempted to remove the 2018 state-court case against Safir Law to bankruptcy court. This removal caused the state court to administratively close the case before the motion hearing.[1]

Although the bankruptcy court originally reopened Murray's 2016 bankruptcy case, it vacated that order because Murray had an additional pending bankruptcy proceeding (which he filed in March 2019), and he was not permitted to have two open bankruptcy cases. In the 2019 bankruptcy case, Murray filed a six-count adversary complaint against Safir Law, again challenging Safir Law's facilitation of the distribution of the automobile-negligence case's settlement proceeds. Before Safir Law even answered the adversary complaint, the bankruptcy court dismissed Murray's 2019 bankruptcy case and adversary complaint for failure to make plan payments, and it also enjoined Murray from filing any bankruptcy proceedings for 180 days.

Murray, through Finegood, appealed the dismissal of his adversary complaint (not the underlying 2019 bankruptcy case) to federal district court, which affirmed on lack-of-subject-matter-jurisdiction grounds. *See In re Murray*, 2020 WL 5291964, at *1 (E.D. Mich. Sept. 4, 2020). Murray appealed that decision to us, and although we affirmed the dismissal of five of the six counts, we remanded count two to the bankruptcy court "so that it may exercise its discretion

---

[1]Finegood allegedly attempted to remove the case to bankruptcy court because he had failed to file a response to the motion for summary disposition in state court.

to consider whether to retain residual jurisdiction over count two." *In re Murray*, 2021 WL 4026732, at *1 (6th Cir. Sept. 3, 2021). We instructed the bankruptcy court to consider "[f]our factors [to] guide that discretion: 'economy, convenience, fairness, and comity.'" *Id*. at *5 (quoting *Peabody Landscape Constr. Inc. v. Schottenstein*, 371 B.R. 276, 281 (S.D. Ohio 2007)).

On remand, the bankruptcy court declined to exercise jurisdiction. It found that count two had little merit because: (1) there was no bankruptcy estate at the time of the settlement to which Safir Law could turn over the funds; (2) the settlement proceeds were never property of the bankruptcy estate so no violation of the automatic stay occurred; and (3) Safir Law neither represented Murray in the 2016 bankruptcy case nor received proceeds during that case, so there was no attorney-fee issue. The bankruptcy court noted that these types of claims are more appropriately pursued in state court, which Murray could have done had he not "improperly removed" the state-court claims against Safir Law to the bankruptcy court. Indeed, the bankruptcy court recognized that Finegood appeared to have engaged in "forum shopping" after "[h]aving failed to file a response to [Safir Law's motion for summary disposition] in state court." It also found that the four factors weighed against retaining jurisdiction, and doing so would have been a "bad policy," given that a bankruptcy estate no longer existed. The bankruptcy court concluded that granting Murray—"a serial filer that has no intent to repay creditors"—his requested relief "would result in a windfall to [Murray] with no requirement to pay any of his creditors with the funds, [which would be] an unfair result."

Murray (still represented by Finegood) appealed to the federal district court, which affirmed the bankruptcy court's decision. *In re Murray*, 2022 WL 1714623, at *10 (E.D. Mich. May 27, 2022). The district court noted that Murray "fail[ed] to directly address the bankruptcy court's rulings or explain how the bankruptcy court abused its discretion, and he in fact never

mention[ed] the four factors, let alone even use[d] the words 'economy,' 'convenience,' 'fairness,' or 'comity' anywhere in his opening brief," despite our specific remand order. *Id.* at *8. Murray then appealed that order to us, and we affirmed. *In re Murray*, 2023 WL 2682372, at *2 (6th Cir. Mar. 29, 2023). Like the district court, we found that Murray "fail[ed] to provide a particularized analysis as to how the bankruptcy court erred in considering those [four] factors (per our prior instruction) and in determining their applicability." *Id.* Murray filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. *Murray v. Safir Law P.L.C.*, 144 S. Ct. 289 (2023) (mem.).

Meanwhile, Safir Law moved for sanctions, pursuant to Federal Rule of Bankruptcy Procedure 8020 and 28 U.S.C. § 1927, against Murray and Finegood in district court. The district court exercised its discretion and awarded sanctions under both authorities as follows: (1) $5,000 against Murray and Finegood, jointly and severally, under Rule 8020; and (2) $5,000 against Finegood under § 1927. Declining to consider Murray and Finegood's conduct in a vacuum, the district court assessed their conduct throughout the entirety of Murray's legal proceedings relevant to Safir Law, noting that Murray (through Finegood) is a serial filer of bankruptcy petitions, continuously failed to raise adequate arguments or argue the appropriate standard of review, engaged in forum shopping and improper removal, failed to set forth good-faith bases challenging the courts' discretionary rulings, raised numerous frivolous arguments, and unreasonably and vexatiously multiplied the proceedings for the purpose of harassment or delay. This conduct, concluded the district court, caused Safir Law to incur unnecessary attorney fees, expenses, and effort. Murray and Finegood timely appealed.

II.

We review the district court's sanctions order for abuse of discretion. *See In re Reese*, 485 F. App'x 32, 35 (6th Cir. 2012) (reviewing Rule 8020 sanctions); *Followell v. Mills*, 317 F. App'x 501, 510–11 (6th Cir. 2009) (reviewing § 1927 sanctions). An abuse of discretion occurs "when the district court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Mich. Div.-Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008) (citation omitted).

Rule 8020 allows district courts (sitting as appellate courts) to "award just damages" to the appellee if an appeal from a bankruptcy order is frivolous. Fed. R. Bankr. P. 8020(a). We have recognized that this "rule is materially the same as Federal Rule of Appellate Procedure 38," and we therefore look to cases applying Rule 38 when reviewing a district court's sanctions order under Rule 8020. *Reese*, 485 F. App'x at 35; *see also* Fed. R. Bankr. P. 8020 advisory committee's note to 1997 amendment. Rule 38 allows for sanctions when an appeal involves an improper purpose—such as harassment or delay—or consists of improperly raised or meritless arguments. *Reese*, 485 F. App'x at 35 (discussing Rule 38); *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 270 (6th Cir. 2008).

Further, § 1927 allows federal courts to impose sanctions against attorneys for "unreasonably and vexatiously" multiplying the proceedings. 28 U.S.C. § 1927; *see also Maloof v. Level Propane Gasses, Inc.*, 316 F. App'x 373, 376 (6th Cir. 2008) (per curiam). Sanctions are warranted "when an attorney objectively falls short of the obligations owed by a member of the bar to the court." *Kidis v. Reid*, 976 F.3d 708, 723 (6th Cir. 2020) (internal quotation marks omitted). "While subjective bad faith is not required, the attorney in question must at least knowingly disregard the risk of abusing the judicial system, not be merely negligent." *Id.*

The district court did not abuse its discretion in granting Safir Law's motion for sanctions. The bankruptcy court thoroughly detailed why Murray's claims under count two of his adversary complaint lacked merit, as well as why it would have been "bad policy" to exercise residual jurisdiction over these meritless claims, especially given Murray's improper removal and forum shopping. Despite the bankruptcy court's thoughtful and deliberate reasoning in making this discretionary decision, Murray appealed to the district court. His deficient filings failed to even argue that the bankruptcy court abused its discretion, let alone address the four residual-jurisdiction factors specifically directed for consideration on remand. Instead, he continued to raise patently false allegations that Safir Law "refused to deliver" the settlement proceeds from his automobile-negligence action, which had been rejected by multiple courts. Still not satisfied, Murray appealed to us, again failing to make arguments under the relevant factors.

For the reasons in the bankruptcy court's decision dismissing Murray's adversary complaint, Murray and Finegood should have known that the claims under count two were meritless. And by continuing to pursue these claims through the district court, circuit court, and even a petition for a writ of certiorari to the Supreme Court, they, at minimum, "knowingly disregard[ed] the risk of abusing the judicial system," and thereby unreasonably and vexatiously multiplied these proceedings. *Id.* at 723. Moreover, as evidenced by their baseless state-court malpractice suit against Safir Law, improper attempted removal of that lawsuit to remedy Finegood's failure to respond to a dispositive motion, and consequential forum shopping, Murray and Finegood at least possessed an improper purpose in abusing the judicial system. Murray and Finegood have failed to provide any reason why the district court abused its discretion in awarding

sanctions, and they do not dispute the amount awarded.[2]  Safir Law is entitled to sanctions for the fees and time it incurred in litigating against these frivolous claims.

III.

For these reasons, we affirm the district court's sanctions order.

---

[2]Notably, the amount in sanctions the district court awarded to Safir Law is less than the amount requested.